# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

Filed: June 26, 2025

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| LARI TALBERT, | * | No. 18-699V |
| | * | |
| Petitioner, | * | Special Master Young |
| | * | |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

*David Alexander Tierney*, Rawls Law Group, Richmond, VA for Petitioner;
*Alexis B. Babcock*, United States Department of Justice, Washington, DC, for Respondent.

### DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On May 17, 2018, Lari Talbert ("Petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program. 42 U.S.C. § 300aa-10 to -34 (2018)[2] (the "Vaccine Act" or "Program"). In an amended petition filed on October 9, 2018, Petitioner alleged that the administration of the tetanus, diphtheria, acellular pertussis ("Tdap") vaccine she received on October 19, 2016, caused her "debilitating pain, suspension tremor, restricted range of motion, and impingement of her right shoulder and arm[.]" Am. Pet., ECF No. 17. On April 3, 2024, I issued my decision denying entitlement and dismissing the petition. ECF No. 52.

On August 30, 2024, Petitioner's counsel filed a final motion for attorneys' fees and costs. ("Pet'r's Mot. for AFC") (ECF No. 55). Petitioner requests total attorneys' fees and costs in the amount of $67,390.87, representing $57,363.73 in attorneys' fees and $10,027.14 in attorneys'

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755.

costs. Pet'r's Mot. for AFC at 2. Petitioner's counsel indicates that he is "unaware of any fees or costs that Petitioner has incurred related to the prosecution of this Petition," noting that Petitioner had "not responded to requests to sign this Statement." Exhibit (Ex.) 19. Respondent responded to the motion on September 12, 2024, stating that Respondent "is satisfied that the statutory requirements for an award of attorneys' fees and costs are met in this case" and asking the Court to "exercise its discretion and determine a reasonable award for attorneys' fees and costs." Resp't's Resp. at 2-3. (ECF No. 56). Petitioner filed a reply on October 3, 2024. ECF No. 57.

## I.     Reasonable Attorneys' Fees and Costs

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." § 15(e)(1). If a petitioner succeeds on the merits of his or her claim, the award of attorneys' fees is automatic. *Id.*; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013). However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed. § 15(e)(1). Here, although the petition was eventually dismissed, I am satisfied that good faith and reasonable basis have been met in the instant case. Respondent has also indicated he is satisfied that good faith and reasonable basis have been met. Accordingly, Petitioner is entitled to a final award of reasonable attorneys' fees and costs.

The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1348 (Fed. Cir. 2008). This is a two-step process. *Id.* First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991) ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008). Such applications, however, should not include hours that are "'excessive, redundant, or otherwise unnecessary.'" *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 895. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. Petitioners bear the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

### A. Hourly Rate

The decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Court has since updated the *McCulloch* rates, and the Attorneys' Forum Hourly Rate Fee Schedules can be accessed online.[3]

Petitioner requests the following rates of compensation for her attorneys: for Mr. Paul Walkinshaw, $346.00 per hour for work performed in 2017, and $363.00 per hour for work performed in 2018; for Mr. Ted McFadden, $395.00 per hour for work performed in 2018, and $422.00 per hour for work performed in 2019; for Mr. Glen Sturtevant, $339.00 per hour for work performed in 2019, $353.00 per hour for work performed in 2020, $372.00 per hour for work performed in 2021, $413.00 per hour for work performed in 2023, and $438.00 per hour for work performed in 2024; and for Mr. David Tierney, $231.00 per hour for work performed in 2020, $278.00 per hour for work performed in 2021, $293.00 per hour for work performed in 2022, $309.00 per hour for work performed in 2023, and $328.00 per hour for work performed in 2024. Additionally, Petitioner requests between $145.00 to $197.00 for work performed by paralegals from 2017-2024. *Id*. The rates requested are consistent with what counsel and paralegals have previously been awarded for their Vaccine Program work, and I find them to be reasonable herein.

### B. Reasonable Number of Hours

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera,* 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton,* 3 F.3d at 1521 (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 434 (1983)).

Upon review, I find the overall hours billed to be reasonable. Counsel has provided sufficiently detailed descriptions for the tasks performed, and upon review, I do not find any of the billing entries to be unreasonable. Accordingly, Petitioner is entitled to final attorneys' fees in the amount of $57,363.73.

### C. Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.,* 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $10,027.14 in attorneys' costs comprised of acquiring medical records, the court's filing fee, postage, and expert services provided by Dr. Daniel Carr. Dr. Carr's expenses require further review.

---

[3] The OSM Fee Schedules are available at https://www.uscfc.uscourts.gov/osm-attorneys-forum-hourly-rate-fee-schedules. The hourly rates contained within the schedules are updated from the decision in *McCulloch*, 2015 WL 5634323.

Petitioner requests reimbursement for the services provided by Dr. Carr at a rate of $500.00 per hour, totaling $8,650.00.[4] Ex. 18 at 1-3. I find that this rate is reasonable for the work he performed in this case. However, Dr. Carr employed an inconsistent billing system, where some work is billed at $500.00 per hour and other entries, specifically telephone communications, are billed at $300.00 per hour for the first 15 minutes of work and $150.00 per hour for each subsequent 15 minutes, effectively an hourly rate of $750.00 per hour, which I find to be to be excessive. *See Ellingsen v. Sec'y of Health & Human Servs.*, No. 18-421V, 2021 WL 1093939, at *2 (Fed. Cl. Spec. Mstr. Feb. 11, 2021); *see also,* Ex. 18 at 1, 3. For tasks that were billed in this manner, I will instead compensate these tasks at the rate of $500.00 per hour consistent with Dr. Carr's other billing entries. This results in a reduction of **$400.00**.[5]

Additionally, Dr. Carr charged a $1,500.00 retainer fee, which he noted only "Includes the first Hour of Review Time." Ex. 18 at 1. Like attorneys' fees, expert billing for clerical and other secretarial work is also not permitted. Special Masters have previously deducted from attorneys' costs for expert billing entries deemed to be unsubstantiated or administrative in nature. *See, e.g., Schettl v. Sec'y of Health & Human Servs.*, No. 14-422V, 2022 WL 2912666, at * 4. *Nosches v. Sec'y of Health & Human Servs.*, No. 16-1657V, 2019 WL 1149944, at * 3 (Fed. Cl. Spec. Mstr. Feb. 26, 2019). Dr. Carr only applied one hour (or $500.00) of the retainer to what he billed, it does not appear that he credited the retainer to any portion of his invoice, and he provided no further explanation regarding how the other portion of the retainer ($1,000.00) was to be used. Without further information, I cannot ascertain the purpose of this cost, nor its reasonableness, and it will therefore not be compensated. This results in a further reduction of **$1,000.00**.

The total reduction to Petitioner's costs related to what she billed for Dr. Carr's expert services is **$1,400.50**.

Petitioner has provided adequate documentation for the remainder of the billed costs, and they appear reasonable in my experience. Accordingly, Petitioner is awarded final attorneys' costs in the amount of $8,626.64.

## II.     Conclusion

In accordance with the Vaccine Act, 42 U.S.C. §15(e) (2018), I have reviewed the billing records and costs in this case and find that Petitioner's request for fees and costs is reasonable. Based on the above analysis, I find that it is reasonable to compensate Petitioner and her counsel as follows:

| Attorneys' Fees Requested | $57,363.73 |
|---|---|
| (Reduction to Fees) | - |
| **Total Attorneys' Fees Awarded** | **$57,363.73** |
| | |

---

[4] The actual amount billed was $8,650.**00** and not $8,650.**50**, which I presume was a scrivener's error. *Compare* Ex. 17 at 20 *with* Ex. 18 at 1, 3. This will result in a reduction of **$0.50**.

[5] $300.00- (0.5 hrs. x $500.00) + $1,350.00 - (2.0 hrs. x $500.00) = $400.00.

| Attorneys' Costs Requested | $10,027.14 |
|---|---|
| (Reduction to Costs) | ($1,400.50) |
| **Total Attorneys' Costs Awarded** | **$8,626.64** |
| | |
| **Total Attorneys' Fees and Costs** | **$65,990.37** |

**Accordingly, I award a lump sum in the amount of $65,990.37, representing reimbursement for Petitioner's attorneys' fees and costs, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[6]

**IT IS SO ORDERED**.

s/Herbrina Sanders Young<br>
Herbrina Sanders Young<br>
Special Master

---

[6] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.